FILED
Dec 09, 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MCCORMICK & COMPANY, INC.,
PEPPER PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION

15-mc-1825 (ESH)

**FILED** MDL No. 2665

TRANSFER ORDER

DEC 0 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Before the Panel:**[*] Defendant McCormick & Co., Inc. (McCormick), moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Maryland or, alternatively, the District of the District of Columbia.[1] McCormick is reportedly the largest spice distributor in the world, with over 20% of the global seasonings and spices market. This litigation involves the alleged slack-filling of McCormick black pepper products and consists of four actions pending in four districts: a competitor action pending in the District of Minnesota and three putative class actions brought on behalf of a New York class of purchasers of McCormick black pepper products and two nationwide classes of similar purchasers. These actions are listed on Schedule A. Since the filing of the motion, nine additional actions were filed in various districts across the country.[2]

The parties' positions on McCormick's motion vary greatly. Competitor plaintiff Watkins, Inc., does not oppose centralization in the District of Minnesota. Plaintiffs in three potential tag-along actions support centralization in the District of the District of Columbia. Plaintiffs in a Northern District of Illinois potential tag-along action (*Vladimirsky*) support centralization in the Northern District of Illinois. Wal-Mart Stores, Inc., a defendant in *Vladimirsky*, supports centralization in the Eastern District of Missouri or, alternatively, the District of Maryland or the District of the District of Columbia.[3] Plaintiffs in three actions and a potential tag-along action

---

[*] Judges Marjorie O. Rendell, Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Defendant's motion initially included a Central District of California action (*Esparza*), which was dismissed voluntarily. Plaintiff Esparza later joined the Southern District of California *Bunting* action.

[2] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Wal-Mart also requests separation and remand of the antitrust claim alleged against it in
(continued...)

-2-

opposed centralization in their briefs and, alternatively, suggested centralization in the Southern District of California. At oral argument, counsel for McCormick stated that no plaintiffs now oppose centralization. Plaintiff in the Eastern District of California action initially supported the District of Minnesota as the transferee forum but later changed her position to support the District of the District of Columbia. Finally, plaintiff in a Southern District of Florida potential tag-along action support centralization of only the cases brought by consumers (*i.e.*, excluding the District of Minnesota *Watkins* competitor action) in the Southern District of California.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the District of the District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. This litigation involves McCormick branded ground black pepper tins and whole black pepper "grinders." Some actions also involve store-brand pepper tins made by McCormick. Since early 2015, McCormick is alleged to have reduced the volume of pepper by 25%, but kept the size of non-transparent tins the same. The resulting "slack-filled" tins[4] allegedly appeared to have more volume when compared to McCormick's competitors' fully-filled tins. These actions share factual questions about the propriety of McCormick's pricing and packaging of its pepper products under various federal and state laws. Plaintiffs allege that, although the weights of the product were accurately disclosed on the product labels, McCormick has wrongfully "slack-filled" its black pepper containers and that consumers have either been confused or deceived into believing that they have bought more pepper than they have actually received. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in a Southern District of Florida potential tag-along action suggest that we exclude the District of Minnesota *Watkins* competitor action and centralize only cases brought by consumers. We do not see the litigation, taken as a whole, as benefitting from the exclusion of *Watkins* from the MDL, given its clear factual overlap with the other cases. To the extent that *Watkins* involves some unique issues, the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice. *See, e.g., In re: Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1383 (J.P.M.L. 2011). In addition, the transferee judge, whenever she deems appropriate, may recommend Section 1407 remand of *Watkins* or any claims in *Watkins* in advance of other actions or claims. *See In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

---

[3](...continued)
*Vladimirsky*. McCormick opposes this request and urges transfer of all claims. Because this action is not before us, we need not reach this issue at this time. We will instead address the question of the inclusion of this case in the conditional transfer order process. *See* Panel Rule 7.1.

[4] Plaintiffs assert that McCormick's non-transparent metal tins have remained the same for decades, and competitors adjusted their products to match these tins.

-3-

We are persuaded that the District of the District of Columbia is an appropriate transferee district for this litigation. McCormick is based near Baltimore, Maryland, so relevant documents and witnesses likely will be found there. The District of District of Columbia, where a potential tag-along action is pending, offers a relatively convenient and accessible transferee forum for all parties. By assigning this litigation to Judge Ellen Segal Huvelle, we are selecting a jurist well-versed in the nuances of complex and multidistrict litigation to steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Ellen Segal Huvelle for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer   R. David Proctor
Catherine D. Perry

IN RE: MCCORMICK & COMPANY, INC.,
PEPPER PRODUCTS MARKETING AND
SALES PRACTICES LITIGATION                                MDL No. 2665

## SCHEDULE A

Eastern District of California

MARSH v. MCCORMICK & COMPANY, INC., C.A. No. 2:15-01625

Southern District of California

BUNTING, ET AL. v. MCCORMICK & COMPANY, INC., C.A. No. 3:15-01648

District of Minnesota

WATKINS INCORPORATED v. MCCORMICK AND COMPANY, INC.,
C.A. No. 0:15-02688

Eastern District of New York

DUPLER v. MCCORMICK & COMPANY, INC., C.A. No. 2:15-03454

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk
By_____
Deputy Clerk